PENNJERSEY RAPID TRANSIT COMPANY, PROSECUTOR, v.
THE CITY OF CAMDEN, RESPONDENT.

Argued May term, 1928—Decided August 7, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Starr, Summerill & Lloyd.*

For the respondent, *Harold W. Bennett* and *Rocco Palese.*

PER CURIAM.

This writ brings up for review an ordinance of the city of Camden, prohibiting the operation of double-decked auto buses, not equipped with pneumatic tires, in and along any street in the city of Camden, south of Federal street.

The first reason assigned is that the prosecutor is engaged exclusively in interstate commerce, and that the ordinance is a regulation of such commerce, and therefore void. We think not. The rule is settled that "the highways are public property. Users of them, although engaged exclusively in interstate commerce, are subject to regulation by the state to insure safety and convenience and the conservation of the highways." *Clark* v. *Poor* (1927), 47 *Sup. Ct. Rep.* 702.

It is next urged that the ordinance is discriminatory, and deprives the prosecutor of his property contrary to law, but upon that subject it has also been held that the mere fact that a company may not make a profit because of a regulation does not show that the regulation is discriminatory or unreasonable. *Morris* v. *Duby* (1927), 47 *Sup. Ct. Rep.* 548.

It is also contended that under the Motor Vehicle act, and the Home Rule act, the city is without power to pass the ordinance. We think, however, that the power resides in the city to pass ordinances of this character, but in this instance consideration of that question is unnecessary, since we deem the ordinance in question is void as unreasonable.

The number of decks on an auto bus does not seem to present a substantial basis for classification for regulations to conserve the highways; the weight and not the height of the vehicle would seem to bear relationship to the evil designed to be prevented, for the preservation and proper maintenance of the streets of the city.

The ordinance will therefore be set aside.